1

**O**

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   FRANK JONES,                          )      CASE NO. CV 10-02174 JVS (RZ)
                                           )
12                      Petitioner,        )
                                           )      ORDER SUMMARILY DISMISSING
13          vs.                            )      PETITION FOR WRIT OF HABEAS
                                           )      CORPUS WITHOUT PREJUDICE
14   CALIPATRIA STATE PRISON,              )
                                           )
15                      Respondent.        )
                                           )
16   ─────────────────────────────────────)

17          This habeas petition is successive and lacks the required Court of Appeals

18   authorization for such a petition.  As a result, this Court lacks jurisdiction to entertain it.

19          Rule 4 of the Rules Governing Section 2254 Cases in the United States

20   District Courts provides that "[i]f it plainly appears from the face of the petition and any

21   exhibits annexed to it that the petitioner is not entitled to relief in the district court, the

22   judge shall make an order for its summary dismissal and cause the petitioner to be

23   notified."

24          Section 2244 of Title 28, part of the Antiterrorism and Effective Death Penalty

25   Act, requires that the district court dismiss most successive habeas corpus petitions:

26

27

28

1           (b)(1)    A claim presented in a second or successive

2    habeas corpus application under section 2254 that was presented

3    in a prior application shall be dismissed.

4           (2) A claim presented in a second or successive habeas

5    corpus application under section 2254 that was not presented in

6    a prior application shall be dismissed unless –

7                  (A) the applicant shows that the claim relies

8           on a new rule of constitutional law, made

9           retroactive to cases on collateral review by the

10          Supreme Court, that was previously unavailable; or

11                 (B) (i) the factual predicate for the claim

12          could not have been discovered previously through

13          the exercise of due diligence; and

14                 (ii) the facts underlying the claim, if proven

15          and viewed in light of the evidence as a whole,

16          would be sufficient to establish by clear and

17          convincing evidence that, but for constitutional

18          error, no reasonable factfinder would have found

19          the applicant guilty of the underlying offense.

20          (3)(A)  Before a second or successive application

21   permitted by this section is filed in the district court, the

22   applicant shall move in the appropriate court of appeals for an

23   order authorizing the district court to consider the application.

24                            .     .     .

25          In *Felker v. Turpin*, 518 U.S. 651, 656-57, 116 S. Ct. 2333, 135 L. Ed. 2d 827

26   (1996), the Supreme Court noted that this statute transferred the screening function for

27   successive petitions from the district court to the court of appeals.  This provision has been

28   held to be jurisdictional; the district court cannot entertain a successive petition without

1  prior approval from the Court of Appeals. *Cooper v. Calderon,* 274 F.3d 1270, 1274 (9th

2  Cir. 2001).  The district court therefore either must dismiss a successive petition for lack

3  of jurisdiction, or it may transfer the action, in the interest of justice, to the court where the

4  action properly could have been brought.  28 U.S.C. § 1631; *Pratt*, 129 F.3d at 57.

5           In the Petition before the Court, Petitioner Frank Jones attacks his 2005

6  convictions and sentences for robbery and other crimes.  He previously challenged them

7  on habeas in this Court in 2009, but the Court dismissed that action with prejudice as

8  untimely. *Jones v. Scribner,* No. CV 09-0019 JVS (RZ) (Judgment filed July 10, 2009).

9  Petitioner has not obtained Ninth Circuit authorization, as is required before he properly

10 may file another habeas petition in this Court. *See McNabb v. Yates*, 576 F.3d 1028, 1029-

11 30 (9th Cir. 2009) (per curiam) (prior dismissal based on untimeliness is a dismissal on the

12 merits for purposes of successive-petition statute).  No factors appear which make it

13 preferable to transfer this case to the Court of Appeals, rather than dismissing it.

14          Accordingly, IT IS ORDERED that the Petition is dismissed.

15

16 DATED: March 31, 2010

17

18

19                                    JAMES V. SELNA
                                      UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28